UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| WILLIE LEE FUGGINS | CIVIL ACTION NO. 08-cv-0095 |
| VERSUS | REFERRED TO: |
| U.S. COMMISSIONER SOCIAL SECURITY ADMINISTRATION | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Willie Lee Fuggins ("Plaintiff") applied for disability benefits based on alleged impairments caused by spine problems. Plaintiff was born in 1957, he has limited education, and he has no transferrable job skills. His back problems began with an on-the-job injury when he lifted a water pipe and felt pain, which progressively grew worse. In 2004, Plaintiff had a lumbosacral spinal fusion decompressive laminectomy at L3, L4, and rods and screws were installed.

Dr. Tom Senff conducted a consultative examination in February 2005. Plaintiff was thin and appeared in no acute distress. He had a full range of motion in all joints tested, with the exception of the lumbosacral spine. He had negative straight-leg raising tests. He complained he could not perform a heel-toe or tandem walk maneuver because of pain in the right leg. Tr. 137-38.

A disability examiner completed a functional capacity assessment in March 2005. After reviewing the medical records, he found that Plaintiff would have the residual

functional capacity ("RFC") to perform light work within 12 months from the December 2004 back surgery. Tr. 139-46.

Plaintiff had a hearing before an ALJ in 2006. Plaintiff had not had any recent medical treatment and did not take any pain medication, but he attributed both to lack of funds. He testified that he spent his day picking up cans and selling them, and he said he had been homeless since May 2006 when his house burned. Tr. 239, 244. Plaintiff said that he would sometimes use crack or smoke a joint. Tr. 246-47. He said he could walk only about a block without getting tired and that he had difficulty sitting, even during the brief hearing. Tr. 246-47.

The ALJ, following the first hearing, found that Plaintiff had the RFC to perform light work. A vocational expert ("VE") identified jobs that Plaintiff could perform. The ALJ accepted that testimony and found that Plaintiff was not disabled. Tr. 167-72.

Plaintiff argued to the Appeals Council that a functional capacity evaluation by Steve Allison of Tri-State Physical Therapy, as supplemented, provided support for his claim. The ALJ had briefly mentioned the report but did not discuss it in any detail. The Appeals Council remanded the case for further proceedings, including consideration of the Tri-State report and its indication that Plaintiff needed to stand/walk 10 minutes every hour. Tr. 181-83.

On remand, a hearing was held before ALJ Leslie John Rodriguez, who did not preside over the first proceedings. Plaintiff said "ain't nothing been changed" about his

condition since the earlier decision, except that he fell while mopping in jail. Plaintiff said that he was, at the time of the hearing, living in his burned home and continued to pick up aluminum cans for money. Tr. 263-74.

The Tri-State report states that a review of medical history, physical exam, and functional testing provides evidence to support the medical nature of Plaintiff's functional limitations, but Plaintiff's "current symptom reports and perceived disability are generally unreliable and inconsistent with objective medical findings." Mr. Allison, the therapist, found that Plaintiff could not perform his prior work but "may be capable of safely returning to work as a Cook if provided with accommodation for his functional limitations." Those limitations included periodic allowances to sit when standing/walking, and periodic allowances to stand/walk when sitting. Tr. 156-59. Counsel asked Mr. Allison for clarification regarding those limitations. Allison responded that Plaintiff would need to stand and walk about for 10 minutes per hour of sitting. Tr. 207-08. In a later clarification, Mr. Allison wrote that, regarding Plaintiff's "standing/walking/carrying tolerance, I would recommend that he be accommodated with sitting for 20 minutes every hour." Tr. 229.

The ALJ, after the second hearing and consideration of the Tri-State report, found that Plaintiff had the RFC to essentially perform light work activity. Tr. 23. The VE identified jobs that Plaintiff could perform with that RFC, and the ALJ accepted that testimony and found Plaintiff not disabled at step five. Tr. 27. The VE did not identify jobs that Plaintiff

could perform if he had the full extent of the sitting and standing limitations suggested in the Tri-State report, as supplemented. Tr. 277-85.

Plaintiff argues that the decision is not supported by substantial evidence. His general argument is that the ALJ was wrong to discount the Tri-State report. Social Security Ruling 06-3p sets forth guidance, citing applicable regulations, for the consideration of medical and other sources. A physical therapist is not a medical source, so he may not establish the existence of a medically determinable impairment or render a treating source opinion that may be entitled to controlling weight. But therapists are included among other sources that may be considered to show the severity of the impairment and how it affects the person's ability to function. The Ruling sets forth factors that should be considered in weighing such evidence, and the ALJ is directed to generally explain the weight given to the opinions so that a claimant or subsequent reviewer may follow his reasoning.

The ALJ discussed the Tri-State report in some detail, as he did the other evidence. He also discussed it in light of Ruling 06-3p, setting forth the relevant factors. He noted that the report was based on a one-day visit (rather than treatment or exams over a length of time), the report was not from an orthopedic specialist, and the examiner did not review any medical records but relied on the claimant's recitation of medical history (which was openly questioned). The ALJ acknowledged that Tri-State is a vocational specialist and that its evaluation was largely consistent with a report by a state agency examiner. Tr. 25.

Plaintiff argues that it was error for the second ALJ to essentially adopt the major exertional limitations from the Tri-State report in his RFC but not incorporate the additional limitations regarding the need to sit and stand at times. Plaintiff attacks the ALJ's reasoning such as the statement that Tri-State did not review medical records. Plaintiff reports that his attorney provided copies of all medical records to Tri-State. That may be true, but the assessment was based, at least in part, on Plaintiff's report of his history and current condition, which Tri-State did question. Plaintiff argues that the report should not be discounted as based on a one-day visit because the three and one-half hour examination was more than what was performed by other sources. That is likely true, but the longest examination does not necessarily prevail, and the one-time nature of the assessment is a valid reason to afford less weight than is afforded medical evidence found elsewhere in the record.

Reasonable minds could differ as to whether the ALJ should or should not have accepted the sit and stand limitations suggested by Tri-State. But the role of the court is not to determine what is, in its opinion, the most reasonable or best decision of the case. Rather, the court is limited to a review of the agency decision to determine whether it is supported by substantial evidence. The standard requires the presence of relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988). The ALJ could

have reasonably interpreted the other medical evidence to support a lesser degree of limitation than reflected in the Tri-State report, and the ALJ gave defensible reasons for his decision. Under these circumstances, judicial relief is not warranted. A judgment will be entered affirming the Commissioner's decision.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 30th day of January, 2009.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE